IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

*In the Matter Of:*

FEDERAL NATIONAL           )
MORTGAGE ASSOCIATION       )
3900 Wisconsin Ave., N.W.  )
Washington, D.C. 20016-2892)
                           )
PHH MORTGAGE CORP          )
3000 Leadenhall Road       )
Mount Laurel, NJ 08054     )
                           )   Miscellaneous No._____
                           )
         Petitioners,      )
                           )
and                        )
                           )
TERRY D. TOLER AND         )
DONNA R. TOLER,            )
                           )
         Respondents.      )
_____)

### BRIEF IN SUPPORT OF PETITIONERS' FEDERAL NATIONAL MORTGAGE ASSOCIATION'S AND PHH MORTGAGE CORPORATION'S JOINT MOTION TO QUASH SUBPOENA

The motion to quash relates to a lawsuit pending before the United States District Court for the Western District of Arkansas. *See Terry D. Toler et al. v. PHH Mortgage Corp. et al.*, Case No. 6:12-CV-6032 RTD. In that lawsuit, plaintiffs' counsel issued a subpoena from the United States District Court for the District of Columbia to a dismissed defendant, Federal National Mortgage Association ("Fannie Mae"), commanding the production of documents in Hot Springs, Arkansas, by November 15, 2012. *See* Subpoena, attached to Motion to Quash as Exhibit 1. This Court should quash the subpoena because (1) the subpoena is procedurally

improper and (2) the subpoena subjects Fannie Mae to undue burden in that it requests clearly irrelevant documents.

## I. BACKGROUND

On January 31, 2012, plaintiffs sued Fannie Mae, PHH Mortgage Corporation ("PHH"), and Experian Information Solutions, Inc. ("Experian") in Arkansas state court, asserting various state-law and federal claims. Defendants removed to the United States District Court for the Western District of Arkansas.

According to the complaint's allegations, PHH services plaintiffs' mortgage note on behalf of Fannie Mae. *See* Complaint, attached to Motion to Quash as Exhibit 2, at ¶ 2. Plaintiffs alleged that PHH violated the Fair Credit Reporting Act ("FCRA") by reporting inaccurate account information concerning a loan modification to Experian, who is a consumer-reporting agency under the FCRA, and then failing to investigative the inaccurate report. *See id.* at ¶¶ 43, 53, 119-28. Plaintiffs also alleged that this conduct by PHH constituted negligence and defamation *per se* under Arkansas law. Finally, plaintiffs alleged that PHH violated the Real Estate Settlement Procedures Act ("RESPA") in failing to respond to a letter. *See id.* at ¶¶ 75-78, 139. With respect to Fannie Mae, plaintiffs alleged that PHH's conduct is attributable to Fannie Mae under a negligence theory. *See id.* at ¶¶ 149-53.

Fannie Mae moved to dismiss the sole claim against it and PHH moved for partial dismissal. The Western District of Arkansas granted the motions to dismiss. *See* Order, attached to Motion to Quash as Exhibit 3. The Western District of Arkansas dismissed Fannie Mae with prejudice, finding that "there can be no liability under current [Arkansas state-]law." *Id.* at 20. The Western District of Arkansas dismissed the RESPA and state-law claims against PHH

without prejudice. *See id.* Thus, plaintiffs have no remaining claims against Fannie and the only remaining claim against PHH is for violation of the FCRA.

Approximately five weeks after the dismissal of Fannie Mae from the Western District of Arkansas litigation, plaintiffs' counsel issued a subpoena from this Court to Fannie Mae in connection with the Western District of Arkansas lawsuit. *See* Exhibit 1. The subpoena commands that Fannie Mae produce documents on November 15, 2012, in Hot Springs, Arkansas. *See id.* Alternatively, the subpoena permits Fannie Mae to mail the documents to Hot Springs, Arkansas. *See id.*

Six days after the issuance of the subpoena, plaintiffs filed a new lawsuit against Fannie in Arkansas state court. *See Terry D. Toler v. Federal National Mortgage Ass'n*, Circuit Court of Garland County, Arkansas, Case No. CV-12-921.

Fannie Mae and PHH now jointly move to quash the subpoena because (1) the subpoena is procedurally improper and (2) the subpoena subjects Fannie Mae to undue burden in that it requests clearly irrelevant documents.

## II. DISCUSSION

### A.  The Subpoena Is Procedurally Improper.

The subpoena was issued by this Court (*see* Exhibit 1), and Federal Rule of Civil Procedure 45(c)(3) requires that this motion to quash be filed with this Court. *See* Charles Alan Wright *et al.*, Federal Practice & Procedure § 2463.1 (3d ed. 2012) ("The 1991 amendments to Rule 45(c) now make it clear that motions to quash, modify, or condition the subpoena are to be made in the district court of the district from which the subpoena issued."). This Court should quash the subpoena because the subpoena is improper. Federal Rule of Civil Procedure 45(a)(2)(C) states that a "subpoena must issue . . . for production or inspection, if separate from a

3

subpoena commanding a person's attendance, from the court for the district where the production or inspection is to be made." The subpoena commands Fannie Mae to either appear in Hot Springs, Arkansas, or to mail documents to plaintiffs' counsel in Hot Springs, Arkansas. *See* Exhibit 1. Because the subpoena does not command production in the District of Columbia, the subpoena should not have been issued by this Court. *See Falicia v. Advanced Tenant Servs., Inc.*, 235 F.R.D. 5, 11 (D.D.C. 2006) ("[T]his Court could not issue a subpoena that required Wachovia to produce documents in Maryland. . . . [The] motions to quash the subpoenas must be granted."); *James v. Booz-Allen & Hamilton, Inc.*, 206 F.R.D. 15, 19 (D.D.C. 2002) ("Here, the subpoena was issued from this court and compels PGHRC to produce documents for inspection in New Carrollton, Maryland. Because the place of production and inspection . . . is outside of the judicial district of this court, the subpoena is improper and is therefore quashed."); *Kupritz v. Savannah College of Art & Design*, 155 F.R.D. 84, 88 (E.D. Penn. 1994) ("The subpoena issued from the wrong court and . . . this court lacks jurisdiction to enforce it. . . ."). Accordingly, this Court should quash the subpoena.

**B.   The Subpoena Requests Clearly Irrelevant Documents.**

Even if this Court determines that the subpoena was properly issued by this Court, the subpoena should be quashed because it subjects Fannie Mae to undue burden in that it requests irrelevant documents. Federal Rule of Civil Procedure 45(c)(3)(A)(iv) provides that "the issuing court must quash or modify a subpoena that . . . subjects a person to undue burden." "[T]he matter sought by the party issuing the subpoena must be reasonably calculated to lead to admissible evidence" and "a subpoena may be quashed if it calls for clearly irrelevant matter." Charles Alan Wright *et al.*, Federal Practice & Procedure § 2459 (3d ed. 2012). The Western District of Arkansas sits in the Eighth Circuit, and the Eighth Circuit has held that "discovery

may not be had on matters irrelevant to the subject involved in the pending action." *Miscellaneous Docket Matter #1 v. Miscellaneous Docket Matter #2*, 197 F.3d 922, 925 (8th Cir. 1999). This Court has discretion in matters pertaining to discovery, and the question of whether a subpoena imposes a party to undue burden "is a highly case specific inquiry and entails an exercise of judicial discretion." *See* Charles Alan Wright *et al.*, Federal Practice & Procedure § 2463.1 (3d ed. 2012).

The Western District of Arkansas dismissed with prejudice Fannie Mae from the lawsuit and dismissed without prejudice all claims against PHH other than the FCRA claim. The sole remaining claim against PHH focuses on what information PHH reported to Experian. Under the FCRA, an entity that furnishes information to consumer reporting agencies "is required to provide accurate information." 15A Am. Jur. 2d *Collection & Credit Agencies* § 59 (citing 15 U.S.C. § 1681s-2(a)). The FCRA also requires that an entity that furnishes information to consumer reporting agencies, upon receipt of a notice from a consumer reporting agency that a consumer disputes reported information, must investigate the dispute. *See* 15 U.S.C. § 1681s-2(b). Plaintiffs contend that PHH violated 15 U.S.C. § 1681 s-2 "by publishing the PHH representations within Plaintiffs' credit files with EXPERIAN without also including a notation that this debt was disputed" and by failing to adequately investigate and correct the allegedly inaccurate information. *See* Complaint, Exhibit 2, at ¶ 128. Thus, the only questions at issue in the litigation pending in the Western District of Arkansas is whether PHH provided accurate information to Experian and whether PHH adequately investigated the information upon a complaint by plaintiffs.

Despite these relatively straightforward FCRA issues that focus on PHH's conduct in reporting credit information to Experian, plaintiffs' subpoena requests wholesale documents

5

between Fannie Mae and PHH that have nothing to do with plaintiffs' FCRA claim and PHH's conduct under the FCRA. For instance, plaintiffs request "all documents evidencing transfer or sale of the Plaintiffs' mortgage loan to Fannie Mae's portfolio," "documents evidencing remittance of payments from PHH to Fannie Mae for any cash flows due to Fannie Mae," and all "documents, computerized records, archived records or other recordings, of any kind relating or referring to Plaintiffs and their account with PHH." *See* Exhibit 1. The subpoena should be quashed under the authority discussed above because the subpoena requests irrelevant information that has nothing to do with the pending FCRA claim and is in no way reasonably calculated to lead to the discovery of admissible evidence. Moreover, requiring Fannie Mae to respond to such overreaching discovery requests in every FCRA lawsuit between a lender and a mortgage company would place an undue burden and expense on Fannie Mae.

Fannie Mae and PHH believe that plaintiffs are on an improper fishing expedition in support of their recently filed state-court lawsuit against Fannie Mae. As discussed above, less than one week after issuing the subpoena to Fannie Mae, and despite Fannie Mae being dismissed with prejudice from the Western District of Arkansas litigation, plaintiffs filed a new lawsuit against Fannie Mae in the Circuit Court of Garland County, Arkansas. The subpoena directs Fannie Mae to produce documents by November 15, 2012. Plaintiffs appear to be fishing for information that they can use in the new state-court lawsuit by issuing the broad subpoena from this federal court rather than waiting to go through the proper discovery channels in the new state-court lawsuit. This Court should not sanction such a fishing expedition in support of the new state-court lawsuit.

**C.    In The Alternative, Fannie Mae Needs Additional Time.**

Plaintiffs served Fannie Mae with the subpoena on October 25, 2012. If the Court denies the motion to quash and/or orders Fannie Mae to produce certain documents, because of the broad nature of the requests, Fannie Mae requests that the Court grant it 21 days from the date of this Court's order directing it to produce documents to comply with the Court's directive.

## IV. CONCLUSION

This Court should quash the improper subpoena.

>Geoffrey B. Treece
>Joseph R. Falasco
>QUATTLEBAUM, GROOMS,
>   TULL & BURROW PLLC
>111 Center Street, Suite 1900
>Little Rock, Arkansas 72201
>Telephone: (501) 379-1700
>Facsimile: (501) 379-1701
>gtreece@qgtb.com
>jfalasco@qgtb.com
>
>Brandon B. Cate
>QUATTLEBAUM, GROOMS,
>   TULL & BURROW PLLC
>4100 Corporate Center Drive, Suite 310
>Springdale, Arkansas 72762
>Telephone: (479) 444-5200
>Facsimile: (479) 444-5255
>bcate@qgtb.com
>
>Frank J. Pergolizzi (D.C. Bar No. 405174)
>Daniel M. Jaffe (D.C. Bar No. 461185)
>SLOVER & LOFTUS LLP
>1224 Seventeenth St., N.W.
>
>Washington, D.C. 20036
>Telephone: (202) 347-7170
>Facsimile: (202) 347-3619
>fjp@sloverandloftus.com
>dmj@sloverandloftus.com

By: _____
Attorneys for Federal National Mortgage Association and PHH Mortgage Corporation


## CERTIFICATE OF SERVICE

I hereby certify that on the 8th day of November, 2012, I served the above filing *via* electronic mail and U.S. Mail upon:

Annabelle Lee Patterson, Esq.
646 Quapaw Avenue
Hot Springs, AR 71901
ab@apattersonlaw.com

Joel G. Hargis, Esq.
Crawley DeLoache Hargis, PLLC
533 W. Washington Avenue
Jonesboro, AR 72401
joel@crawleydeloache.com

Kathy A. Cruz, Esq.
The Cruz Law Firm PLC
1325 Central Avenue
Hot Springs, AR 71901
kathycruzlaw@gmail.com

Tanya Spavins, Esq.
Bridges, Young, Matthews & Drake PLC
1401 Malvern Avenue, Suite 180
Hot Springs, AR 71901
tanyaspavins@bridgesplc.com

Raymond A. Hafner, IV
Jones Day
717 Texas, Suite 3300
Houston, TX 77002
rahafner@jonesday.com

Frank J. Pergolizzi